## ORAM *vs.* DENNISON.

Where complainant's proceedings are regular, the decree is opened at the instance of the defendant on payment of costs.

But where a sole defendant resides out of the state, and no foreign publication is ordered or notice given to the defendant, costs on opening the decree ordered to abide the event of the suit.

Bill for relief against a deed to the defendant, alleged to have been fraudulently obtained. Decree *pro confesso* and order for proofs taken 25th March, 1861. By the sheriff's return, it appears that the defendant resided in the city of New York. The order of publication was published, in compliance with its terms, in a newspaper published at Morristown, in this state.

*Mills*, on behalf of the defendant, applied to set aside the decree *pro confesso* without payment of costs; that the defendant be admitted to defend the suit, and that he have thirty days' time to answer. In support of the motion, he read an affidavit of the defendant (a copy of which was served on the complainant's solicitor, with notice of the motion,) stating that the defendant resides and transacts business in the city of New York; that no process of subpœna was served upon him; that he never saw the order of publication, and that he had no knowledge of the existence of the suit until the 17th day of July last, and first learned that a decree had been entered against him on the —— day of July.

THE CHANCELLOR. The decree must be set aside, the defendant admitted to defend, and thirty days allowed to plead, answer, or demur. The only question relates to the allowance of costs. Where the complainant's proceedings are strictly regular, the rule upon opening the decree is granted upon the payment of costs. The order

Seymour v. Lewis.

of publication in this cause is not in accordance with the rule of practice, as stated in *Wetmore* v. *Dyer*, 1 *Green's Ch. R.* 386, *viz.* that where the defendants all reside out of the state foreign publication is required. The rule is not uniformly enforced in practice, but is founded in reason, and in the present case there was peculiar propriety in adopting it. The petitioner is the sole defendant, resident and doing business in the city of New York. Personal service might readily have been effected. A publication of the order in the city of New York would most probably have met the defendant's notice. There was no probability that the publication in a country paper which the defendant did not take would be seen or heard of by him. It is true the order of publication was signed in its present form by the Chancellor. But such formal orders, it is well known, are usually signed as drawn by the complainant's solicitor where no question is raised as to their legality, and are always taken at the peril of the complainant. It is proper, under the circumstances, that the costs of the decree *pro confesso* should abide the event of the suit.

Order accordingly.